JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
 *MBurnette@GGTrialLaw.com*

*Attorneys for Plaintiff*
 *Victoria Guanci*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VICTORIA GUANCI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>K & G PETROLEUM LLC, a Colorado limited liability company; S&S FUELS MANAGEMENT, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No.: 2:25-cv-01556-ART-NJK<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES**<br><br>**(FIRST REQUEST)** |

Plaintiff Victoria Guanci ("Plaintiff"), by and through her counsel, Greenberg Gross LLP, and Defendants K & G Petroleum LLC and S&S Fuels Management, LLC ("Defendants"), by and

-1-

STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER
DEADLINES

through their counsel of record, Resnick & Louis, P.C., hereby stipulate and agree to extend the unexpired discovery deadlines for sixty days (60). This is the parties' first request for an extension.

### A.    Discovery Completed to Date.

The parties conducted their Rule 26(f) conference on October 15, 2025, and exchanged initial disclosures, Plaintiff on October 30, 2025, and Defendant on November 3, 2025. Defendant served its First Set of Interrogatories and Requests for Production on October 30, 2025, to which Plaintiff responded on December 12, 2025. Plaintiff served her First Set of Interrogatories and Requests for Production on November 26, 2025, to which Defendant responded on January 26 and 27, 2026.  Defendant designated its expert on January 29, 2026. Plaintiff amended her complaint on January 27, 2026, adding S&S Fuels Management, LLC as a Defendant.

### B.    Discovery Which Still Needs to Occur.

Plaintiff intends to take depositions of key fact witnesses, including Defendant K&G Petroleum's FRCP 30(b)(6) representative, Satish Chander (CFO), Kelly Freeman (HR Manager), and Defendant's retained expert. Plaintiff noticed the deposition of Satish Chander on January 20, 2026, for February 27, 2026. Defendant noticed Plaintiff's deposition on January 21, 2026, for February 23, 2026. Due to scheduling conflicts, the parties have needed to reschedule these depositions and are currently looking at dates in March and April of 2026. Plaintiff also requires adequate time to conduct discovery directed to newly added Defendant S&S Fuels Management, LLC, including written discovery requests, document production, and depositions of S&S's representatives and corporate designees.  Additional written discovery and supplementation of prior responses may be necessary as depositions are completed.

### C.    Proposed Schedule for Completing Remaining Discovery.

**Discovery Cut-Off Date** - The March 30, 2026, discovery cut-off date shall be extended sixty (60) days to **Friday, May 29, 2026.**

**Dispositive Motions** - The April 29, 2026, dispositive motions deadline shall be extended to **Monday, June 29, 2026**, which is thirty-one (31) days after the discovery deadline (as the 30th

-2-

STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES

day falls on Sunday, June 28, 2026, a non-judicial day).

**Pretrial Order** - If no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of dispositive motions, which is **Wednesday, July 29, 2026**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or by further order of the Court.

**D.    Good Cause Supports the Request to Extend the Deadlines as Set Forth Herein.**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). See *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).* Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC,* 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Id.*

Good cause supports the parties' request to extend the Discovery Cut-Off, Dispositive Motions, and Pretrial Order Deadlines. The parties have been diligent in pursuing discovery,

STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES

exchanging initial and supplemental disclosures, serving and responding to written discovery, and producing documents. However, the Court granted Plaintiff's motion to amend the complaint on January 27, 2026, adding S&S Fuels Management, LLC as a second defendant, which expanded the scope of discovery to include an additional corporate entity with interrelated operations and management. The volume of remaining depositions and written discovery cannot be reasonably completed before the March 30, 2026 deadline, especially with the addition of S&S Fuels Management, LLC. Plaintiff noticed the deposition of Satish Chander on January 20, 2026, for February 27, 2026 at 10:00 a.m. via Zoom. Defendants intend to depose Plaintiff, treating medical providers, and other percipient witnesses. Defendant noticed Plaintiff's deposition on January 21, 2026, for February 23, 2026 at 10:00 a.m. Due to scheduling conflicts, the parties have needed to reschedule these depositions and are currently looking at dates in March and April of 2026 to complete the depositions.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

-4-

STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES

The Parties submit that these circumstances satisfy the required good cause in extending the deadlines referenced above.

The Parties hereby stipulate to the aforementioned.

Dated this 23rd day of February, 2026

/s/ Michael A. Burnette
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW E. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

/s/ James M. Barrington
JAMES M. BARRINGTON
Nevada Bar No. 9252
8945 W. Russell Road, Suite 330
Las Vegas, NV 89148

Attorneys for Defendants,
K & G Petroleum LLC and, S&S
FUELS MANAGEMENT, LLC

Attorneys for Plaintiff

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 24, 2026
_____

-5-

STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER
DEADLINES